## Lowrey v. Lowrey et al.

*S. Regen Ginsburg*, for plaintiff.
*Joseph Rappaport*, for defendant.
*Leonard J. Schwartz*, for garnishee.

FLOOD, J., February 8, 1943.—Plaintiff and defendant, on October 30, 1938, while husband and wife, entered into a written agreement under which the husband agreed to pay the wife the sum of $6,240 for support, to be paid in instalments of $12 per week over a period of 10 years, with an acceleration clause, operative upon default in the payment of any weekly instalment. To secure performance of his agreement, he executed and delivered his bond and warrant of attorney to confess judgment thereon in favor of his wife. In 1939, the parties were divorced. Default having been made by defendant under the agreement, plaintiff,

on July 27, 1942, confessed judgment against him in the amount of $3,924, the accelerated balance due. She then issued an attachment execution naming his employer, Bergman Knitting Mills, as garnishee. Plaintiff then filed interrogatories. The garnishee's reply admitted the employment, gave the weekly earnings of defendant, and stated that, as of August 5, 1942, the garnishee was indebted to him for three days' salary, or $37. The plaintiff filed the present rule for judgment for want of sufficient answers to her interrogatories.

Plaintiff argues that the obligation of her husband arises out of the marital status, and not out of debt, and therefore her action is not limited by the exemption of wages from attachment established by the Act of April 15, 1845, P. L. 459, sec. 5, 42 PS §886. In this we do not agree. Since the parties are divorced any obligation toward plaintiff resting upon defendant arises out of his support agreement and not out of his marital status. Plaintiff is hard put to deny this, since she must also show that the obligation survives the now defunct marriage relation, and she does so by showing that it is founded not upon that relation but upon the agreement and citing to that effect Muhr's Estate, 59 Pa. Superior Ct. 393 (1915). Defendant's obligation to plaintiff is a debt of the sort that cannot be collected by an attachment of wages since the Act of 1845. Nor does it come under the special provision of the Act of May 10, 1921, P. L. 434, 48 PS §136, authorizing such an attachment in execution of a court order for the payment of support due a wife. Plaintiff is no longer defendant's wife, nor does she hold a support order from any court.

Plaintiff also argues that the exemption of wages from attachment under the Act of 1845 applies only to judgments in magistrates' courts, citing the dissenting opinion of Keller, P. J., in the case of Wagner-Taylor Co. v. McDowell et al., 137 Pa. Superior Ct. 425, 433 (1939). Suffice it to say that a principle so

thoroughly imbedded in our practice, and actually applied so recently by the Superior Court in the case of Wagner-Taylor Co. v. McDowell et al., supra, must be adhered to by a court of first instance.

Plaintiff's rule for judgment is discharged.